**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: CANADA (COMMISSIONER OF COMPETITION),

Petitioner.

SUBPOENAS TO SCOTT SPENCER AND BRIAN ROWLEY

CASE NO. 1:26-mc-00444-ER

# STIPULATION AND ORDER RE SUBPOENAS

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Petitioner CANADA (COMMISSIONER OF COMPETITION) ("Petitioner") and SCOTT SPENCER and BRIAN ROWLEY (collectively "Witnesses" and each individually "Witness") in the above-captioned action as follows:

WHEREAS, Petitioner filed an Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (the "Application") on September 9, 2026, seeking an order allowing Petitioner to serve deposition subpoenas on Witnesses for testimony in *Canada (Commissioner of Competition) v. Google Canada Corporation and Google LLC*, File No. CT-2024-010, currently pending before Canada's Competition Tribunal (the "Competition Proceeding");

WHEREAS, by Order filed October 23, 2026, the Court ordered Witnesses to file a motion to quash by November 6, 2026, or it would grant the Application;

WHEREAS, Petitioner and the Witnesses have met and conferred regarding the

parameters of the proposed subpoenas and the Witnesses requested an extension of time to file a joint motion to quash until November 13, 2026;

WHEREAS, the Court granted the Witnesses' request for an extension of time to file a joint motion to quash on November 4, 2026;

WHEREAS, Petitioner and the Witnesses have come to Agreement on the parameters of the proposed subpoenas;

WHEREAS, the Witnesses will not file a joint motion to quash the proposed subpoenas and agree that Petitioner's Application may be granted subject to the following parameters.

NOW THEREFORE, Petitioner and Witnesses hereby stipulate that:

1. Each examination will take place at a location of the witness's choosing, within the Southern District of New York, by Zoom or a similar platform, and Petitioner may send a lawyer to the examination to show documents to the Witnesses, and each witness may have counsel present at the examination.

2. Each witness will receive at least 10 days advance notice of the examination date and the Petitioner will endeavor to accommodate the Witnesses' preexisting obligations although the timing/scheduling of testimony cannot be guaranteed.

3. Petitioner will provide the witness, the evening before each examination, the documents it intends to use during that examination.

4. The scope of Petitioner's examination shall be as follows:

   a. The Witnesses will testify based on their personal knowledge. The Witnesses have not been asked to testify as an authorized representative of Google Canada Corporation or Google LLC (collectively, "Google") pursuant to Fed. R. Civ. P. 30(b)(6), to state Google's current or official litigation position,

offer legal conclusions, or provide expert opinions. The Witnesses will testify from personal knowledge, if any, about Google's conduct, communications, and decision-making, including the Witnesses' prior testimony at trial or deposition and the documents on which the Witnesses are aware of or were previously examined on.

b. The examinations will be limited to the time during which the witness was employed at Google, as well as any relevant context, if any, prior to their Google employment, or after.

c. The examinations will be limited to the Witnesses' personal knowledge, experience and observations concerning the following topics:

(i) Mr. Rowley: His roles at Google, his current relationship with Google (if any); AdX's exclusive access to Google Ads' demand; importance of Google Ads' demand; and AWBid/Google Ads' availability on third party ad exchanges.

(ii) Mr. Spencer: His roles at Google; his current relationship with Google (if any); Google's ad tech tools (DFP, Adx, Google Ads, DV360); AWBid; AdX's exclusive access to Google Ads' demand; Real-Time Bidding; Dynamic Allocation; and Publishers' ability to access AdX through third party publisher ad servers.

5. The Witnesses do not object to the Court's approval of the Commission to the Honourable Mr. Justice Andrew D. Little, Justice of Canada's Federal Court and Chairperson of the Competition Tribunal and any additional Tribunal Member(s)

that the Tribunal may designate as Additional Commissioners, to take the testimony and conduct the examination of the Witnesses.

6. The Witnesses do not object to the examinations being conducted in accordance with the practices and procedures under Canadian law, including the *Competition Tribunal Act, Competition Tribunal Rules,* and *Canada Evidence Act*. This Court, however, retains jurisdiction over and United States law governs the enforcement of, and compliance with, the subpoenas and this stipulation and order. Further, United States law may apply to privilege objections where applicable and where it differs from Canadian law, although Justice Little may decide privilege issues in the first instance.

7. The Witnesses do not object to Petitioner's request that the Court authorize the Witnesses to be examined and re-examined by counsel for the Commissioner of Competition and cross-examined by counsel for Google.

8. The Protective and Confidentiality Order, dated May 7, 2025, in place in the Competition Proceeding (which is consistent with the Protective Order in *United States v. Google LLC*, Case No. 1:23-cv-108 (LMB/JFA) (E.D. Va.)) applies to the testimony and documents presented during the examination. Any issues relating to confidentiality or sealing shall be resolved by Justice Little.

**IT IS SO STIPULATED.**

Dated: Yardley, Pennsylvania
November 13, 2026

By: *\/s/ Amy T. Brantly*
Amy T. Brantly

KESSELMAN BRANTLY STOCKINGER LLP
Amy T. Brantly, AB7087

Dated: Chicago, Illinois
November 13, 2026

By: */s/ Angelo M. Russo*
Angelo M. Russo

MCGUIREWOODS LLP
Angelo M. Russo (*Pro Hac Vice)*

841 Apollo Street, Suite 320
El Segundo, CA 90245
Tel.: 310-307-4555
Fax: 310-307-4570
*abrantly@kbslaw.com*

LAW OFFICES OF JOSHUA GRAUBART, P.C.
JOSHUA G. GRAUBART
237 E. 28th Street, Suite 1D
New York, NY 10016
Tel.: 646-781-9321
jggraubart@graubartlaw.com

*Attorneys for Applicant*
CANADA (COMMISSIONER OF COMPETITION)

Amy B. Manning (*Pro Hac Vice)*
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
T: (312) 750-8904
F: (312) 558-4386
arusso@mcguirewoods.com
amanning@mcguirewoods.com

*Attorneys for* SCOTT SPENCER AND BRYAN ROWLEY

# ORDER

Pursuant to the Petitioner and the Witnesses' Stipulation Re Subpoenas, the Court hereby **ORDERS** as follows:

1. Petitioner's Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 is granted subject to the following.

2. Each examination will take place at a location of the witness's choosing, within the Southern District of New York, by Zoom or a similar platform, and Petitioner may send a lawyer to the examination to show documents to the Witnesses, and each witness may have counsel present at the examination.

3. Each witness will receive at least 10 days advance notice of the examination date and the Petitioner will endeavor to accommodate the Witnesses' preexisting obligations although the timing/scheduling of testimony cannot be guaranteed.

4. Petitioner will provide the witness, the evening before each examination, the documents it intends to use during that examination.

5. The scope of Petitioner's examination shall be as follows:

   a. The Witnesses will testify based on their personal knowledge. The Witnesses will not be asked to testify as an authorized representative of Google Canada Corporation or Google LLC (collectively, "Google") pursuant to Fed. R. Civ. P. 30(b)(6), to state Google's current or official litigation position, offer legal conclusions, or provide expert opinions. The Witnesses will testify from personal knowledge, if any, about Google's conduct, communications, and decision-making, including the Witnesses' prior testimony at trial or

deposition and the documents on which the Witnesses are aware of or were previously examined on.

b. The examinations will be limited to the time during which the witness was employed at Google, as well as any relevant context, if any, prior to their Google employment, or after.

c. The examinations will be limited to the Witnesses' personal knowledge, experience and observations concerning the following topics:

(i) Mr. Rowley: His roles at Google, his current relationship with Google (if any); AdX's exclusive access to Google Ads' demand; importance of Google Ads' demand; and AWBid/Google Ads' availability on third party ad exchanges.

(ii) Mr. Spencer: His roles at Google; his current relationship with Google (if any); Google's ad tech tools (DFP, Adx, Google Ads, DV360); AWBid; AdX's exclusive access to Google Ads' demand; Real-Time Bidding; Dynamic Allocation; and Publishers' ability to access AdX through third party publisher ad servers.

6. The Court approves the Commission to the Honourable Mr. Justice Andrew D. Little, Justice of Canada's Federal Court and Chairperson of the Competition Tribunal and any additional Tribunal Member(s) that the Tribunal may designate as Additional Commissioners, to take the testimony and conduct the examination of the Witnesses.

7. The examinations shall be taken in accordance with the practices and procedures under Canadian law, including the *Competition Tribunal Act*, *Competition*

*Tribunal Rules*, and *Canada Evidence Act*. This Court, however, retains jurisdiction over and United States law governs the enforcement of, and compliance with, the subpoenas and this stipulation and order. Further, United States law may apply to privilege objections where applicable and where it differs from Canadian law, although Justice Little may decide privilege issues in the first instance.

8. The Witnesses may be examined and re-examined by counsel for the Commissioner of Competition and cross-examined by counsel for Google.

9. The Protective and Confidentiality Order in place in the Competition Proceeding applies to the testimony and documents presented during the examination. Any issues relating to confidentiality or sealing shall be resolved by Justice Little.

10. A copy of this Order shall be served with each subpoena.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: New York, New York,
November 16, 2026

Edgardo Ramos
United States District Judge